IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDWARD LEE BILLEY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. CIV-12-354-M |
| | ) |
| **JUSTIN JONES,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a Motion to Dismiss (Motion) [Doc. No. 8], asserting that Petitioner failed to exhaust his available administrative and state court remedies. Petitioner has filed a response to the motion (Response) [Doc. No. 9]. For the following reasons, the undersigned finds that Petitioner has failed to exhaust his available remedies with respect to all but one of his claims, and, accordingly, recommends that the motion to dismiss be denied in part and granted in part.

**The Petition and Procedural Background**

In the first ground of his Petition, Petitioner attacks two of three prison disciplinary

---

[1] Petitioner erroneously submitted his petition on a 28 U.S.C. § 2254 form. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (noting that attack on prisoner's execution of sentence is properly brought pursuant to 28 U.S.C. § 2241).

convictions – and the resulting loss of earned credits – on the basis that the three misconducts arose from a single event. Petition, sequential pp. 4-5. Specifically, Petitioner maintains that he was charged with possessing contraband – money, tobacco, and THC[2] – in the prison visiting room in violation of the Oklahoma Department of Corrections policy which according to Petitioner

> states that if the offender is found with several items of contraband, that he would ONLY be charged with one rule violation of possession of contraband, and to list all of the items seized. In other words, this Petitioner should've, as a matter of due process of law, received just one conviction for possession of contraband, and NOT three.

*Id.* at sequential p. 5. By way of relief, Petitioner requests that the two convictions which followed the first be expunged from his record. *Id.* In Petitioner's second ground for relief, he maintains that there was no evidence to support his conviction for possession of THC, and he requests expungement. *Id.* at sequential pp. 4-5.

Petitioner now acknowledges – following his review of Respondent's motion to dismiss for failure to exhaust available remedies – that he only exhausted his *administrative* remedies only as to what both parties refer to as "MR-3."[3]  (Response, p. 1).  Respondent

---

[2]"The main active chemical in marijuana is delta-9-tetrahydrocannabinol, or THC for short."  http://www.drugabuse.gov/publications/drugfacts/marijuana

[3]Petitioner states that "he had the administrative appeals for MR-1 and MR-2 confused and he thought he had appealed the MR-2 administratively, but hadn't.  He now wishes to dismiss that portion of his initial habeas petition due to the administrative remedies being unexhausted."

(continued...)

describes the so-called MR-3 misconduct as follows:

> Petitioner received MR-3 on May 24, 2011, for "Possession of Contraband" after a search of petitioner's cell on May 22, 2011, turned up a green leafy substance that tested positive as Marijuana. The hearing for MR-3 was conducted on June 14, 2011, with Petitioner present. The Petitioner was found guilty of MR-3 and the findings were approved by the warden. The discipline for MR-3 was revocation of 365 earned credits and assignment to Level 1 for 90 days.

Motion, p. 3.

Thus, both parties agree that the only misconduct at issue involves the possession of THC, and both parties also agree that Petitioner exhausted his *administrative* remedies with regard to this misconduct. Likewise, the parties agree that Petitioner failed to exhaust his state judicial remedies as to the THC misconduct. Respondent maintains through his motion to dismiss that such failure is fatal to Petitioner's § 2241 action; Petitioner contends in his responsive brief that he had no available state remedy to exhaust.

**Analysis**

State habeas petitioners must exhaust available state administrative and judicial remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). The exhaustion requirement may be excused if exhaustion would be futile, *i.e.*, there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* (citation omitted).

---

$^3$(...continued)
Response, p. 1.

Oklahoma law provides an available state judicial remedy to determine whether a prisoner was afforded due process in the context of his prison disciplinary conviction. *See* Okla. Stat. tit. 57, § 564.1(D) (providing for judicial review of prison disciplinary proceedings involving the revocation of earned credits by directing the state district court to determine "whether due process was provided by the revoking authority"); *see also Magar*, 490 F.3d at 818-819 (Oklahoma provides for judicial review of prison disciplinary proceedings pursuant to Okla. Stat. tit. 57, § 564.1). The due process review afforded by the statute mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). Specifically, the statute provides that in determining whether due process was provided, the court will decide

   1. Whether written notice of the charge was provided to the inmate;

   2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;

   3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;

   4. Whether the inmate had the opportunity to present relevant documentary evidence;

   5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;

   6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and

   7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.

Okla. Stat. tit. 57, § 564.1(D)(1)-(7).

As set forth above, Petitioner asserted two grounds in attacking his disciplinary conviction, the second of which is that "[t]here exists no evidence to support the conviction for poss. of THC, & as a matter of due process said conviction must be dismissed. Amend. 14." Petition, sequential p. 4. In affirmatively explaining why he failed to exhaust his state court remedies on this ground, Petitioner maintained that he was unable to file his § 564.1 petition in state court because he was in lock down "for the most part" of the ninety day period which he had to file his petition and because he was unable to obtain legal assistance or access the law library. Response, sequential pp. 6-7. Respondent argues that such claims are unavailing in light of the fact that "[P]etitioner was able to file two disciplinary appeals to the warden and one appeal to the Director while in intensive supervision and had access to the forms to accomplish that task." Motion, p. 8. Not only is Respondent correct that Petitioner has failed to demonstrate that his lock down for what was admittedly not the entirety of the ninety day period prevented him from pursuing his legal remedies, but Petitioner's response to Respondent's motion to dismiss wholly fails to challenge Respondent's arguments in this regard. Thus, in the absence of a supported argument, dismissal of Petitioner's second ground for relief is warranted.

By the same token, however, while Petitioner clearly maintained as his first ground for relief that Oklahoma Department of Corrections policy was violated when he was allegedly charged with three conducts arising from a single incident and that "there exists NO avenue in the state courts in which to exhaust," Petition sequential pp. 4 and 6, Respondent's motion does not address how § 564.1 or any other state judicial remedy "would have been,

5

if invoked, effective to protect [Petitioner's] rights" as to this first ground for relief. *Magar,* 490 F.3d at 819. Neither did Respondent file or seek to file a brief in reply to Petitioner's response which argued exclusively "that as to MR-3 . . . there are NO STATE REMEDIES to exhaust on the issue of Petitioner being denied due process of law by receiving (3) misconduct convictions arising out of the same date, time, place, and conduct. Amend 14." Response, p. 1. Thus, in the absence of a supported argument, Respondent's motion to dismiss Petitioner's first ground for relief as to MR-3 should be denied.[4]

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Respondent's Motion to Dismiss [Doc. No. 8] be denied as to Petitioner's first ground for relief regarding his disciplinary misconduct for possession of THC and granted as to all remaining claims.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 7th day of August, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991).

---

[4] Likewise, Respondent did not address the merits of this claim and they have not been considered by the undersigned.

ENTERED this 18th day of July, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE