# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD LEE BILLEY, | ) |
|          Petitioner, | ) |
| vs. | )   Case No. CIV-12-354-M |
| JUSTIN JONES, | ) |
|          Respondent. | ) |

## SECOND REPORT AND RECOMMENDATION

**I.    Relevant procedural history.**

Petitioner, a state prisoner, first sought habeas corpus relief under 28 U.S.C. § 2241 to contest two of three prison disciplinary convictions and the resulting revocation of earned credits. Doc. 1. Following an initial round of briefing centered on Petitioner's failure to exhaust requisite administrative and state judicial remedies, Respondent's motion to dismiss, Doc. 8, was partially granted, leaving one claim for resolution. Doc. 15.

That remaining claim is Petitioner's challenge to his disciplinary conviction for possession of contraband – THC[1] – on the grounds that his right to due process was violated when he received three misconducts arising from a

---

[1] "The main psychoactive (mind-altering) chemical in marijuana is . . . THC . . . ." http://www.drugabuse.gov/publications/drugfacts/marijuana

single incident. Doc. 1, at 4-5.[2] As ordered, Doc. 16, both parties supplemented their briefing on the merits of Petitioner's remaining claim. Docs. 17, 19. The matter – now before the undersigned Magistrate Judge on referral by Chief District Judge Miles-LaGrange for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C) – is at issue. For the following reasons, the undersigned recommends that Petitioner's remaining claim be denied.

## II. Petitioner's remaining habeas claim.

Petitioner states he was charged with possessing contraband – money, tobacco, and THC – in the prison visiting room. Doc. 1, at 4. Then, "[f]rom this single event, conduct and/or behavior, [he] was convicted of 3 misconducts and given sanctions on all three." *Id.* According to Petitioner, prison policy – Oklahoma Department of Corrections (DOC) Offender Disciplinary Procedures, OP-060125, § II.A.2.b. – specifically provides "that if the offender is found with several items of contraband, that he would ONLY be charged with one rule violation of possession of contraband, and to list all of the items seized."[3] *Id.* at 5. He maintains "his rights to due process [were] violated by the 'stacking' of 3 misconducts/convictions that stemmed from the same incident/conduct &

---

[2] Page citations to the Petition are in sequential order and reflect this court's CMECF pagination.

[3] Unless otherwise indicated, quotations in this report are reproduced verbatim.

behavior." *Id.* As relief, Petitioner requests that his third conviction be expunged from his record. *Id.*

## III. Analysis.

"Habeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *McIntosh v. U. S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting 28 U.S.C. § 2241(c)(3)). In this regard, the State of Oklahoma "has created a liberty interest in earned credits and an inmate is entitled to due process protection prior to the loss of those credits." *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993). With a liberty interest at stake, Petitioner was clearly entitled to due process in his disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive: (1) advance written notice of the disciplinary charge, (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence, and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Id.* at 563-67. In addition, due process requires at least "some evidence" to support any sanctions that are ultimately leveled against the prisoner. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454

3

(1985).

Here, Petitioner claims that he was denied due process, but he does not point to a denial of any of these specific guarantees. Rather, he claims that the prison violated DOC policy by issuing multiple misconducts arising from a single incident. This alleged violation, however, does not breach any of these disciplinary proceedings constitutional guarantees and, as a consequence, the alleged violation of DOC policy does not violate "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claim, even if proven, would not entitle him to federal habeas relief. *See Brown v. Wyo. Dep't of Corr. State Penitentiary Warden*, 234 F. App'x 874, 878 (10th Cir. 2007) ("The process due here under the United States Constitution is measured by the Due Process Clause, not prison regulations.").

**IV.** **Recommendation and notice of right to object.**

For these reasons, the undersigned recommends that Petitioner's first ground for habeas corpus relief regarding his disciplinary misconduct for possession of THC be denied.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by the 6th day of June, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate

review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of May, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE